IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| FARMERS INSURANCE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 14-01065-CV-W-DW |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is the Motion of Separate Defendant Mary M. Butt to Dismiss (Doc. 8). Also before the Court is the Motion of the United States to Dismiss (Doc. 10). To date, both motions are unopposed. Upon review, the Court concludes that both motions should be granted. Furthermore, because all claims over which the Court has original jurisdiction will be dismissed, the Court will decline to exercise supplemental jurisdiction over the remaining claims in this action.

**I.     Motion of Separate Defendant Mary M. Butt to Dismiss**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant Mary M. Butt moves to dismiss Plaintiffs' Complaint against her for lack of subject matter jurisdiction, alleging that she has absolute immunity from suit under 28 U.S.C. § 2679(b)(1). Suggestions in opposition to the motion were originally due on or before June 15, 2015. Plaintiffs filed four successive motions requesting an extension of time to respond (Docs. 11, 13, 17, 20), each of which was granted by the Court (Docs. 12, 14, 18, 22). Upon granting the fourth extension of time to respond to July 27, 2015, however, the Court also stated that no further extensions of time would be granted. See Doc. 22. To date, Plaintiffs have not filed a response or suggestions

in opposition to the motion to dismiss.  Consequently, upon review, the Court concludes that Defendant Mary M. Butt's motion to dismiss should be granted as unopposed as well as for the reasons set forth in the motion.

## II. Motion of the United States to Dismiss

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Government moves to dismiss Plaintiffs' Complaint against it for failure to state a claim, alleging that the Complaint was not filed within the strict six-month time limit under the Federal Tort Claims Act, set forth in 28 U.S.C. § 2401(b).  Thus, according to the Government, there has been no waiver of sovereign immunity and Plaintiffs' claims against it are "forever barred."  Suggestions in opposition to the motion were originally due on or before June 29, 2015.  Plaintiffs filed two successive motions for an extension of time to respond (Docs. 15, 19), each of which was granted by the Court (Docs. 16, 21).  Upon granting the second extension of time to respond to July 27, 2015, however, the Court also stated that no further extensions of time would be granted. See Doc. 21.  To date, Plaintiffs have not filed a response or suggestions in opposition to the motion to dismiss.  Consequently, upon review, the Court concludes that the Government's motion to dismiss should be granted as unopposed as well as for the reasons set forth in the motion.

## III. Supplemental jurisdiction over claims against Defendant Jacob C. Hetzel

In this action, the Complaint asserted that the Court had original jurisdiction based on a federal question, as Plaintiffs proceeded against the Government pursuant to the Federal Tort Claims Act, a federal law. See 28 U.S.C. §§ 1331, 2401(b).  As stated above, however, the Court is dismissing all claims asserted against the Government under the Federal Tort Claims Act, along with all state law claims for negligence against Defendant Mary M. Butt.  Consequently,

2

the only remaining claims in this action will be the state law claims for negligence against Defendant Jacob H. Hetzel.  The amount in controversy does not exceed $75,000, as the Complaint seeks $4,183.50 in damages.  Thus, original jurisdiction is lacking, as there are no pending claims arising under federal law and the parties are not diverse.

Accordingly, the issue arises as to whether the Court should exercise supplemental jurisdiction over Plaintiffs' state law claims against Defendant Jacob H. Hetzel.  The exercise of supplemental jurisdiction is discretionary and may be declined for several reasons, including if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3).  "Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed." Gibson v. Weber, 431 F.3d 339, 342 (8th Cir. 2005).  As explained by the Supreme Court, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point towards declining to exercise jurisdiction over the remaining state-law claims." Missouri Roundtable for Life v. Carnahan, 676 F.3d 665, 678 (8th Cir. 2012) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).  In part, this is because federal courts should "exercise judicial restraint and avoid state law issues wherever possible." Thomas v. Dickel, 213 F.3d 1023, 1026 (8th Cir. 2000) (affirming district court's decision to decline supplemental jurisdiction).

Because the Court is dismissing all claims over which it has original jurisdiction, the Court will decline to exercise supplemental jurisdiction over the remaining state law claims for negligence against Defendant Jacob H. Hetzel, and said claims will also be dismissed.

Based on the foregoing, it is ORDERED that:

3

1. The Motion of Separate Defendant Mary M. Butt to Dismiss (Doc. 8) is GRANTED;

2. All claims asserted in the Complaint against Defendant Mary M. Butt in her individual capacity are dismissed for lack of subject matter jurisdiction;

3. The Motion of the United States to Dismiss (Doc. 10) is GRANTED;

4. All claims asserted in the Complaint against Defendant the United States of America are dismissed for failure to state a claim upon which relief can be granted; and

5. Pursuant to 28 U.S.C. § 1367(c), all remaining claims in this action are dismissed.

SO ORDERED.

Date:  July 31, 2015                                                  /s/ Dean Whipple
                                                                    Dean Whipple
                                                          United States District Judge